The Honorable Frank J. Willems State Representative Route 3 Paris, Arkansas 72855
Dear Representative Willems:
This is in response to your request for an opinion regarding the assessment of personal property taxes. You have asked, specifically, what the county's recourse is on collecting delinquent taxes on personal property where no vehicles are involved, as well as the failure to assess such property from year to year.
Several statutory provisions should be noted in response to your questions. Ark. Stat. Ann 84-1015 (Repl. 1980) sets forth procedures governing the distraint of goods to pay delinquent personal property taxes. This statute authorizes the distraint of "sufficient goods and chattels belonging to the person charged with taxes levied upon the personal property to pay the taxes due upon the personal property of said person. . . ." The county must follow the established procedures, including advertising the time and place of the sale in three (3) public places. [The collector must, under separate statutory authority, prepare a list of delinquent personal property taxes for publication in the county. See Ark. Stat. Ann. 84-1003 (Supp. 1985)].
Ark. Stat. Ann. 84-1016 (Repl. 1980) authorizes the initiation of garnishment procedures if the collector is unable to find any personal property sufficient to satisfy the delinquent taxes. Act 523 of 1987 should also be consulted in this regard. Act 523 amends Section 2 of Act 115 of April 8, 1889 (codified as Ark. Stat. Ann. 31-504) to provide a procedure for the issuing of writs of garnishment.
It is also significant to not that the collectors are charged with the responsibility under Ark. Stat. Ann. 84-937 (Repl. 1980) of collecting personal property taxes at the time the taxpayer pays general taxes due on real estate. The collector is subject to a penalty for accepting payment of the real estate taxes without requiring payment of personal taxes. See 84-938.
You have also asked what the county's recourse is with respect to the failure to assess personal property from year to year. The failure or refusal to assess personal property subjects the taxpayer to several potential penalties. Ark. Stat. Ann. 84-494.4 (Supp. 1985) mandates the imposition of a penalty of 10% of the taxpayer's total tangible personal property taxes for failure or refusal to assess on or before April 10 of each year. [84-494.4 also imposes a penalty of 10% for failure to pay the taxes on or before October 10 following the assessment. See also Act 621 of 1987]. If the taxpayer's neglect in failing to assess is wilful, ". . . such delinquent shall be deemed guilty of a misdemeanor and shall be fined in any sum not more than one thousand dollars ($1,000)." See Ark. Stat. Ann. 84-440 (Repl. 1980). It is, moreover, unlawful for any person to refuse to give the Assessor a complete and accurate description of his or her personal property, together with its location and value. See Ark. Stat. Ann. 84-443 (Repl. 1980). Refusal in this regard subjects the person to a misdemeanor charge and a fine of not less that ten dollars ($10.00) nor more that twenty-five dollars ($25.00). Id.
It should be noted, finally, that the collector must make a special list or assessment of property omitted from the assessment roll, if the omission is discovered before the books are closed for that year. See Ark. Stat. Ann. 84-444 (Repl. 1980). The list or assessment must be filed with the county clerk who must "place the same upon the tax books and extend the taxes and penalty thereon for the year, and the collector shall proceed to collect such taxes and penalty as is provided by law." Id.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.